## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CRANSHAW,                        :
                                       :   CIVIL ACTION NO. 3:11-CV-731
              Plaintiff                :
                                       :   (Judge Nealon)
       v.                              :   (Magistrate Judge Mannion)
                                       :
SHIRLEY MOORE SMEAL, et al.,           :
                                       :
              Defendants               :

*FILED SCRANTON APR 20 2012 PER_____ DEPUTY CLERK*

### MEMORANDUM

On April 18, 2011, Plaintiff, David Cranshaw, an inmate currently confined at the State

Correctional Institution in Frackville, Pennsylvania ("SCI- Frackville"), filed a civil rights

complaint pursuant to 42 U.S.C. § 1983, alleging due process violations relating to the

misconducts he was issued after personal property, allegedly contraband, was confiscated from

his cell and to the deprivation of his property. (Doc. 1).  On July 5, 2011, Defendants filed a

motion to dismiss. (Doc. 17).  Defendants filed a motion for summary judgment[1] on January 31,

2012. (Doc. 39).  On February 6, 2012, Magistrate Judge Mannion issued a Report and

Recommendation ("R&R") concluding that Defendants' motion to dismiss should be granted.

(Doc. 43).  Plaintiff filed objections to the R&R on March 7, 2012.  (Doc. 53).  A response to the

objections was filed on March 19, 2012.  (Doc. 54).  After de novo review, and for the reasons

set forth below, the R&R will be adopted.

### Standard of Review- R&R

When objections to a report and recommendation have been filed under 28 U.S.C. §

---

[1]An Order was issued on February 15, 2012, staying proceedings relating to the motion
for summary judgment pending resolution of the R&R. (Doc. 47).

636(b)(1)(c), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(c); M.D. Pa. Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 337 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Standard of Review- Motion to Dismiss**

In the R&R, Magistrate Judge Mannion thoroughly discusses the standard of review for a motion to dismiss. See (Doc. 43, pp. 2-3). Initially, "the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true." (Id.) (citing Estelle v. Gamble, 429 U.S. 97 (1976)); see also Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (stating that the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff). However, "the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint", see California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor "accept legal conclusions set forth as factual allegations", Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007). (Doc. 43, p. 2); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."). The Report explains that a "viable complaint must include 'enough facts to state a

claim to relief that is plausible on its face.'" (Doc. 43, p. 2), quoting Bell Atlantic Corp., 550

U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the

speculative level."); see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (holding that a court

should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled

to offer evidence to support the claims"); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). Finally,

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to

relief.'" Ashcroft, 129 S. Ct. at 1950; FED. R. CIV. P. 8(a)(2) (requiring a complaint to contain "a

short and plain statement of the claim showing that the pleader is entitled to relief").

     After review, this Court will adopt the standard of review as discussed in the R&R and

outlined above. Cf. (Doc. 53, p. 1). This Court also acknowledges that pro se complaints are to

be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Background**

     Magistrate Judge Mannion, accepting as true the allegations in the complaint, provides an

exhaustive description of the background and allegations in this case, see (Doc. 43, pp. 3-7),

which will be adopted by this Court. In summary, on September 30, 2010, corrections officers

confiscated "an address book, photo albums, a list of names and addresses of Hollywood actor's

fan clubs, spreadsheets containing the names of various films, and stickers containing the

plaintiff's name" from Plaintiff's cell. (Id. at p. 3); see also (Doc. 1, p. 4). Thereafter, Plaintiff

was issued seven (7) misconducts relating to these allegedly contraband items. (Doc. 43, p. 4);

see also (Doc. 1, p. 5).

At his misconduct hearing on October 12, 2010, Plaintiff pled guilty to lying to an employee, charge #42, and to a portion of the charge for possession of contraband, charge #36. (Doc. 1, Ex. C). The hearing officer accepted Plaintiff's guilty plea, found him guilty of charge #36 and of failure to report the possession of contraband, charge #45, dismissed the remaining charges, sanctioned Plaintiff to forty-five (45) days disciplinary custody, and ordered all contraband be revoked. (Doc. 1, Ex. E). Subsequently, Plaintiff filed an inmate request to staff, asking that his photographs be returned, or that he be permitted to send his property home so that it is not destroyed. (Doc. 1, Ex. F); (Doc. 43, pp. 5-6). His request[2] was denied because the photographs were considered part of the contraband revoked at the misconduct hearing. (Id.).

In his objections, Plaintiff disputes the Magistrate Judge's finding that Plaintiff was only sanctioned on those charges to which he admitted guilt. (Doc. 53, pp. 4-5, 8). An independent examination of Plaintiff's exhibits reveals that Plaintiff pled guilty to a portion of charge #36, possession of contraband. See (Doc. 1, Ex. C, Hearing Supplement, Inmate Version). Specifically, he admitted that the three sticker labels and sheet listing films are not permitted. (Id.). Although the written inmate statement provides that Plaintiff pled not guilty to charge #45 for failure to report the possession of contraband, the reason for his plea was that he felt the charge was duplicative of charge #36. (Id.). However, Plaintiff wrote that he welcomed the hearing officer's opinion regarding this charge. (Id.). Further, Plaintiff pled guilty to lying to an

---

[2]Although it appears that Plaintiff failed to exhaust administrative remedies by filing an untimely grievance, see Woodford v. Ngo, 548 U.S. 81, 84 (2006), failure to exhaust is an affirmative defense that Defendants failed to raise, Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). The merits of the complaint will therefore be addressed.

4

employee, charge #42, in that when Plaintiff was asked if he had contraband, Plaintiff stated "not

that I know of." (Id.). His admission to these facts also supports charge #45. (Id.). Accordingly,

the hearing officer only found Plaintiff guilty of conduct that he admitted to having committed

and properly[3] found him guilty of charges #36 and #45. See (Doc. 1, Exs. C, E). Moreover, the

complaint alleges that Plaintiff pled guilty to charges #36 and #45, and that the remaining

charges were dismissed. (Doc. 1, ¶ 16). Plaintiff was sanctioned on these charges alone. (Id. at

¶ 16 and Ex. E). Magistrate Judge Mannion, accepting Plaintiff's allegations as true, did not err

and Plaintiff's objection will therefore be overruled.

Additionally, Plaintiff's objection that his comments in a return to sender letter were used

to determine his guilt will be overruled in light of his guilty plea. See (Doc. 53, p. 10).

## Discussion

The Magistrate Judge first addresses Defendants' argument that Plaintiff's allegations

regarding the deprivation of his personal property are not actionable because an adequate post-

deprivation remedy was available. (Doc. 43, p. 7) (discussing (Doc. 20)). The R&R states:

> In the context of confiscating an inmate's property, however, the Supreme Court
> of the United States has held that meaningful post-deprivation remedies for the
> loss provide sufficient due process for negligent deprivations of property, Parratt
> v. Taylor, 451 U.S. 527, 530 (1981), and intentional deprivations of property,
> Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Barr v. Knauer, 321 Fed.
> Appx. 101, 103 (3d Cir. 2009); Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001).
> [Further, t]he Third Circuit Court of Appeals has held that the Department of
> Correction's grievance procedure pursuant to DC-ADM 804 provides an adequate

---

[3]Where Fourteenth Amendment protections apply, which will be discussed further herein,
a "prison disciplinary determination comports with due process if it is based on 'some
evidence.'" Craig v. Kelchner, 2011 U.S. Dist. LEXIS 80068, *25-26 (M.D. Pa. 2011) (Carlson,
M.J.), quoting Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("The
fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside
decisions of prison administrators that have some basis in fact.").

post-deprivation remedy, see McEachin v. Beard, 319 F. Supp. 2d 510, 514-15 (E.D. Pa. 2004) (citing Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000)), and that the existence of this post-deprivation remedy forecloses any due process claim.

(Doc. 43, pp. 7-8). Magistrate Judge Mannion determines that because Plaintiff had the ability to pursue grievances, regardless of whether he properly utilized such remedies, the motion to dismiss on these grounds should be granted. (Id.).

In his objections, Plaintiff challenges the Magistrate Judge's finding that Plaintiff argued "the post-deprivation remedies were not adequate because his grievances were rejected on procedural grounds, (i.e., they were untimely)." (Doc. 43, p. 8); (Doc. 53, p. 5). Rather, Plaintiff contends that the purpose of grievance procedures is to allow an inmate's complaint to be reviewed, but the response to his grievance was "rejected and will not be reviewed." (Doc. 53, pp. 5-7). He alleges that he used the grievance procedures in a timely manner and disputes the adequacy of the process. (Id.). Plaintiff asserts that Defendants did not comply with Department of Corrections' (DOC) procedure DC-ADM 804; therefore, due process was not satisfied. (Id.). He submits that at the motion to dismiss stage, his allegations sufficiently state a claim. (Id.).

After de novo review, this Court determines that Plaintiff's objections are contrary to his arguments in the brief opposing the motion to dismiss, wherein he asserted that a grievance rejection based on improper procedure is not an adequate post-deprivation remedy. See (Doc. 24, p. 3). Further, Plaintiff's objections are not in accord with the allegations of his complaint. Compare (Doc. 1) with (Doc. 53). In the complaint, Plaintiff states that he initially attempted to resolve the matter informally with an inmate request to staff, but did not file a grievance regarding the return of his property until November 20, 2010. (Doc. 1, pp. 9-10). See DC-ADM

804 (VI)(A) (explaining the difference between an inmate request to staff and an official

grievance). However, a grievance must be filed within fifteen (15) working days after the event

upon which the claim is based, but the misconduct hearing where it was determined that

Plaintiff's property would be revoked was held on October 12, 2010. Id. Although Plaintiff

claims in his objections that his grievance was not related to any misconduct report or

procedures, it sought the return of his revoked property which occurred on or before October 12,

2010. (Doc. 53, p. 5). Accordingly, the complaint establishes that Plaintiff did not use the

grievance procedure in a timely manner.

Additionally, a "prisoner's 'failure to [properly] avail himself of such remedy does not

affect its adequacy as a post-deprivation remedy,'" Miller v. DiGuglielmo, 2010 U.S. Dist.

LEXIS 127096, 28-29 (E.D. Pa. 2010) (citing Griffin-El v. Beard, 2010 U.S. Dist. LEXIS 42453,

*21-22 (E.D. Pa. 2010)). The denial of his grievance on procedural grounds does not render the

post-deprivation remedy inadequate. See Tarselli v. Harkleroad, 2012 U.S. Dist. LEXIS 22839,

*19-20 (W.D. Pa. 2012) (concluding that "the failure of a prison official to provide a favorable

response to an inmate grievance does not demonstrate that the process was inadequate,

meaningless, or otherwise constitutionally infirm"); McEachin v. Beard, 319 F. Supp. 2d 510,

515 (E.D. Pa. 2004) ("The mere fact that plaintiff has faced some difficulty in having his

grievance heard, based on his own failure to follow proper administrative procedure, does not

demonstrate that the process was inadequate, meaningless, or otherwise constitutionally

infirm."). Accordingly, this Court agrees with Magistrate Judge Mannion's representation of the

facts. Despite Plaintiff's objections, the complaint does not allege that Defendants violated DOC

procedure; rather, it alleges that the remedy was inadequate. See Monroe v. Beard, 2007 U.S.

7

Dist. LEXIS 16943, *39-41 (E.D. Pa. 2007) (explaining that the procedural due process claims

only survived the motion to dismiss because the plaintiffs alleged that the prison did not follow

its internal grievance procedure); Monroe v. Beard, 2007 U.S. Dist. LEXIS 60432, *43-50 (E.D.

Pa. 2007) (granting summary judgment).  Plaintiff's objection in this regard will be overruled.


      Further, the grievance system may not be used to review misconduct proceedings.  See

DC-ADM 804(VI)(F).  "Initial review of issues relating to misconducts and inmate discipline are

completed in accordance with the procedures outlined in Administrative Directive (DC-ADM

801), not the inmate grievance system under DC-ADM 804."  Dunbar v. Jones, 2007 U.S. Dist.

LEXIS 49278, *20 (M.D. Pa. 2007) (Smyser, M.J.).  The fact that Plaintiff first pursued a

misconduct appeal does not excuse his untimeliness in filing a grievance.  See Miller, 2010 U.S.

Dist. LEXIS 127096, *28-29 (E.D. Pa. 30, 2010) (holding that a court cannot "infer a remedy to

have been unavailable because of an inmate's internal confusion over the proper procedure").

Plaintiff timely filed a misconduct appeal, see DC-ADM 801(5)(A) (providing that appeals must

be filed within fifteen (15) calendar days of the misconduct hearing), which was "reviewed" and

the hearing officer's decision was upheld.  See (Doc. 1, p. 9).

      Plaintiff also suggests to hold that he has no protection against arbitrary deprivation of

family photos would not comport with any civilized standards of decency.  (Doc. 53, p. 6).

Interestingly, this is the same conclusion Justice Stevens reached in his dissenting opinion in

Hudson.  The dissent stated:

> In the final analysis, however, any deference to institutional needs is totally
> undermined by the fact that Palmer's property was not contraband. If Palmer were
> allowed to possess the property, then there can be no contention that any

institutional need or policy justified the seizure and destruction of the property. Once it is agreed that random searches of a prisoner's cell are reasonable to ensure that the cell contains no contraband, there can be no need for seizure and destruction of noncontraband items found during such searches. To accord prisoners any less protection is to declare that the prisoners are entitled to no measure of human dignity or individuality -- not a photo, a letter, nor anything except standard-issue prison clothing would be free from arbitrary seizure and destruction. Yet that is the view the Court takes today. It declares prisoners to be little more than chattels, a view I thought society had outgrown long ago.

Hudson, 468 U.S. at 554-55 (Stevens, J., dissenting).  Nevertheless, the majority opinion in

Hudson is controlling on this Court.  Plaintiff's objection must be overruled.

Moreover, assuming arguendo that the prison's grievance procedures are inadequate,

Plaintiff has another post-deprivation remedy, namely a state conversion action. See Crosby v.

Piazza, 2012 U.S. App. LEXIS 4084, *8 (3d Cir. 2012) (holding that to the extent an inmate "is

dissatisfied with the outcome of the administrative process, he may still file a state court tort

action"); Reavis v. Poska, 2010 U.S. Dist. LEXIS 60020, *21-22 (W.D. Pa. 2010) ("Plaintiff,

cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of

property without due process" because the DOC's "internal grievance procedure and the

availability of a state tort suit in state court provide adequate post deprivation remedies.").  In

Hawkins, the plaintiff brought a section 1983 suit against the staff at a halfway house, which was

operated by the DOC, for losing his personal property, which included family photographs.

Hawkins v. Hall, 2011 U.S. App. LEXIS 23912 (3d Cir. 2011).  The Third Circuit Court of

Appeals affirmed the District Court's decision granting the defendants' motion to dismiss,

holding that a "common law action for conversion, filed in state court pursuant to 42 Pa. Cons.

Stat. Ann. § 8522(a), (b)(3) (West 2007), is an adequate post-deprivation remedy." Id. at *5; see

also Pikunse v. Kopchinski, 429 Pa. Super. 46, 51-52 (Pa. Super. 1993) (allowing the factfinder

in a conversion action to estimate damages where the lost property, which included treasured

family photographs, had no market value).

Consequently, this Court agrees with Magistrate Judge Mannion that Plaintiff's due

process claim regarding the deprivation of personal property must be dismissed because he has

adequate post-deprivation remedies, including the prison grievance system and a state tort action.

The R&R will be adopted and Plaintiff's objections on this issue will be overruled.

Next, the Magistrate Judge addresses whether Defendant Luquis, the misconduct hearing

examiner, violated Plaintiff's civil rights.  In their motion to dismiss, Defendants argue that all

charges to which Plaintiff pled not guilty were dismissed and he was sanctioned to forty-five (45)

days in the Restrictive Housing Unit ("RHU"), loss of his prison job, and deprivation of the

confiscated contraband, on only the two charges to which he pled guilty.  (Doc. 20, pp. 4-6).

Defendants assert that because Plaintiff was only sanctioned on the charges to which he admitted

guilt, the hearing itself need not be examined.  (Id.).  Further, Defendants claim that because the

sanction is not an "atypical and significant hardship", Plaintiff does not have a protected liberty

interest.  (Id.), citing Sandin v. Conner, 515 U.S. 472, 484 (1995) (finding that thirty days in

disciplinary custody was not an "atypical and significant hardship" for purposes of due process);

Griffin v. Vaughn, 112 F.3d 703, 706 (3rd Cir. 1997) (concluding that fifteen months in

administrative custody did not rise to the level of an atypical and significant hardship); Bryan v.

Werner, 516 F.2d 233, 240 (3d Cir. 1975) (finding that an inmate has no property right in his

prison job).

Magistrate Judge Mannion determines that because Plaintiff was only sanctioned on the

charges to which he pled guilty[4] and because he does not challenge the voluntariness of his plea, the conduct at the misconduct hearing need not be examined, (Doc. 43, p. 8). Additionally, the R&R, reviewing cases in which the courts analyzed what constitutes an "atypical and significant hardship", concludes that the sanctions imposed on Plaintiff do not violate his due process rights. (Id. at p. 9). The Report recommends the motion to dismiss Defendant Luquis be granted. (Id.).

Plaintiff raises numerous objections regarding the lack of due process surrounding his misconduct hearing. Specifically, he claims that the misconduct report was vague, he was denied the right to call witnesses and present evidence, notice of the charges was insufficient, and he was punished for conduct not in violation of DOC directives. (Doc. 53, pp. 2-4).

The Fourteenth Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S.C.S. Const. Amend. 14, § 1. Clearly, there is no life interest at issue in the case at hand. Additionally, as previously discussed, because Plaintiff had an adequate post-deprivation remedy, he cannot assert a due process claim relating to the deprivation of property. See Brooks v. DiGuglielmo, 2008 U.S. Dist. LEXIS 99776, *18 (E.D. Pa. 2008) ("[T]he DOC's grievance procedure provides an adequate post-deprivation remedy and ... the existence of this post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process. "). The only protected interest left to analyze is liberty. However, after de novo review, this Court agrees with Magistrate Judge Mannion that because the punishment imposed on Plaintiff is not an "atypical and significant hardship" no liberty interest is implicated. See Sandin, 515 U.S. at 484; Tapp v. Proto, 718 F. Supp. 2d 598,

---

[4]Plaintiff's objections on this point were discussed, and overruled, in the background section of this Memorandum.

623-24 (E.D. Pa. 2010) (determining that the prisoner, who claimed that prison officers stole a personal photograph, "failed to provide evidence supporting a due process claim regarding the lack of procedural protections attached to his disciplinary hearing" due to the lack of evidence that the punishment imposed atypical and significant hardship). Accordingly, Plaintiff's claim that he has a liberty interest in avoiding disciplinary segregation, see (Doc. 53, p. 4), and his objections regarding the vagueness of the misconduct report, the sufficiency of the notice of the charges, and the denial of his right to call witnesses and present evidence will be overruled. See Williams v. Bitner, 307 Fed. Appx. 609, 611 (3d Cir. 2009) (holding that "90 days in disciplinary segregation was not an atypical or significant deprivation that would give rise to a liberty interest" and the "inability to call witnesses, as well as any other alleged procedural defects, lack legal significance in the absence of any protectable interest). Similarly, because "prison regulations do not, in themselves, confer a liberty interest protected by due process, and the failure of prison officials to follow DOC policy does not, in and of itself, result in a violation of due process", Plaintiff's argument that he was punished for conduct not in violation of DOC directives also fails. See Tarselli, 2012 U.S. Dist. LEXIS 22839 at *22. The Magistrate Judge's recommendation that all claims regarding the misconduct hearing and against Defendant Luquis be dismissed will be adopted.

The R&R also finds that the supervisory Defendants, Collins and Smeal, are not liable because Plaintiff failed to establish their personal involvement. (Doc. 43, p. 10), citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; [and] liability cannot be predicated solely on the operation of respondeat superior"). The Magistrate Judge concludes that the

12

allegations in the complaint against Defendant Collins arise from his alleged failure to favorably respond to Plaintiff's misconduct appeals and grievances, and against Defendant Smeal for not taking action in response to Plaintiff's complaints. (Id.). However, the R&R explains that "[p]articipation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." (Id.), quoting Mincy v. Klem, 2011 U.S. Dist. LEXIS 23009, *13 (M.D. Pa. 2011) (Conner, J.) (citing Rode, 845 F.2d at 1208; Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006)). Accordingly, Magistrate Judge Mannion recommends that the motion to dismiss be granted on this basis as well.

In his objections, Plaintiff contends that Defendant Collins was directly involved with the constitutional violations, which arose from the lack of procedures regarding his grievance appeal. (Doc. 53, p. 8). Plaintiff claims that Defendant Collins, in responding to the inmate request to staff, took advantage of the lack of specification in the hearing officer's report to include personal property that was not contraband. (Id. at p. 9).

After de novo review, this Court agrees with Magistrate Judge Mannion that because "inmates do not have a constitutional right to a prison grievance system ... participation in the after-the-fact review of a grievance or appeal is insufficient to establish personal involvement on the part of those individuals reviewing grievances." Wilkerson v. Schafer, 2011 U.S. Dist. LEXIS 25916, *17-18 (M.D. Pa. 2011) (Jones, J.) (internal citations omitted). Similarly, the "denial of a grievance or mere concurrence in an administrative appeal process is insufficient to establish personal involvement." Palmer v. Rustin, 2011 U.S. Dist. LEXIS 65678, *27-28 (W.D. Pa. 2011); see also Mincy v. Klem, 2011 U.S. Dist. LEXIS 23009, *14 (M.D. Pa. 2011) (Conner, J.). This Court also notes that according to the complaint, Defendant Collins, in receipt of

13

Plaintiff's inmate request to staff, spoke "to Captain Clark and the Program Review Committee (PRC) who reviewed [Plaintiff's] Appeal, [a]nd that he concur[red] with their finding and support[ed] their decision to revoke the [i]tems." See (Doc. 1, p. 9). These allegations, accepted as true, contradict Plaintiff's objection that Defendant Collins took advantage of the lack of specification in the hearing officer's report. (Id. at p. 9). His objection will be overruled.

Next, Plaintiff objects to the R&R, arguing that his correspondence with Defendant Smeal "was not after the facts." (Doc. 53, p. 9). Plaintiff asserts that Defendant Smeal had actual knowledge, through Plaintiff's multiple letters, to establish personal involvement. (Id. at pp. 9-10). Plaintiff asserts that Defendant Smeal had the authority to correct the inadequate procedures and her inaction violated his constitutional rights. (Id.).

After an independent examination, this Court will adopt Magistrate Judge Mannion's determination that Plaintiff's claims against Defendant Smeal arise from her alleged failure to take corrective action to Plaintiff's written complaints. See (Doc. 1, p. 11). Regardless of whether Defendant Smeal participated in only after-the-fact review, the submission of correspondence to Defendant Smeal is insufficient to show the actual knowledge necessary for personal involvement. See Rode, 845 F.2d at 1208; Croom v. Wagner, 2006 U.S. Dist. LEXIS 64915, *13 (E.D. Pa. 2006) (concluding that "neither the filing of a grievance nor an appeal of a grievance to [the Warden] is sufficient to impose knowledge of any wrongdoing"). Plaintiff's objections will therefore be overruled.

In his objections regarding Defendants Collins and Smeal, Plaintiff also asserts that the grievance and misconduct appeal processes are inadequate. (Doc. 53, pp. 8-10). However, "inmates do not have a constitutionally protected right to the prison grievance process."

Weldon v. Cywinski, 2006 U.S. Dist. LEXIS 54666, *12 (M.D. Pa. 2006) (Caldwell, J.)

(dismissing suit against the grievance coordinator who did not respond to an inmate's grievance

causing it to be rejected as improperly filed via DC-ADM 804 because it related to a misconduct

and had to be pursued under DC-ADM 801); see also Thompson v. Lehaman, 1992 U.S. Dist.

LEXIS 1795, *8 (E.D. Pa. 1992) (concluding that "DC-ADM 801 more than adequately requires

that procedural due process be afforded to the inmates involved in disciplinary proceedings

pursuant to its terms").  Further, an "inmate does not have a viable Section 1983 claim based

solely upon a prison official's failure to adhere to a prison regulation, directive, or policy

statement." Royster v. Beard, 2007 U.S. Dist. LEXIS 71368, *13 (M.D. Pa. 2007) (Caputo, J.),

citing Elkin v. Fauver, 969 F.2d 48 (3d Cir. 1992).  Plaintiff's objections on this basis will be

overruled.

Finally, the R&R discusses Defendants' argument that Eleventh Amendment immunity

bars Plaintiff's claims for monetary damages against Defendants in their officials capacities.

(Doc. 43, pp. 11-12).  Magistrate Judge Mannion assumes that although the complaint brought

suit against Defendants in their individual and official capacities, Plaintiff abandoned official

capacity claims by stating in his brief in opposition to the motion to dismiss that he is limiting his

claims to Defendants in their individual capacities. (Id.).  Consequently, the official capacity

claims should be dismissed. (Id.).

The Magistrate Judge also concludes that even if Plaintiff does not agree to withdraw the

official capacity claims, they must be dismissed under the Eleventh Amendment. (Doc. 43, pp.

11-12). The R&R provides, "[f]ederal courts can not consider suits by private parties against

states and their agencies unless the state has consented to the filing of such a suit." (Id.) (citing

Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Edelman v. Jordan, 415 U.S. 651, 662 (1974)).  Under the Eleventh Amendment, a plaintiff may not sue a state in federal court without its consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision.  (Id.) (quoting Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000)).  However, the "Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment."  (Id.) (citing Quern v. Jordan, 440 U.S. 332, 345 (1979); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)). Magistrate Judge Mannion further determines that neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983.  (Id.) (quoting Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989)).  Consequently, the R&R recommends that Defendants' motion to dismiss all official capacity claims be granted.

In his objections, Plaintiff argues that Defendant Smeal is not entitled to qualified immunity because she was personally involved with his constitutional violations.  (Doc. 53, pp. 9-10).  As previously discussed, Plaintiff has not established actual knowledge of Defendant Smeal.  Regardless, personal involvement is not relevant to the immunity decision.  Accordingly, Plaintiff's objection will be overruled.

After de novo review, this Court will adopt the R&R in its entirety.  Plaintiff's complaint will therefore be dismissed.

Although Plaintiff cannot set forth a constitutional claim, this Court is concerned that his personal photographs were revoked as contraband and that Defendants denied Plaintiff the option of shipping his property home.  See Bowens v. United States DOJ, 415 Fed. Appx. 340, 345 (3d Cir. 2011) (affirming dismissal of the complaint, but stating, "we share the District Court's

16

concern regarding the prison's conduct in this case—and especially its failure to provide ... the

reasoning behind their confiscation and destruction" of the plaintiff's personal photographs).

According to federal regulations, "[a]n inmate may possess photographs, subject to the

limitations of paragraph (b) of this section [relating to storage space], so long as they are not

detrimental to personal safety or security, or to the good order of the institution." 28 CFR

553.11(h).  This Court will not usurp on the prison's authority by questioning its decision

regarding the misconduct.  See Griffin v. Beard, 2009 U.S. Dist. LEXIS 5100, *8 (M.D. Pa.

2009) (Rambo, J.) (explaining, "courts throughout Pennsylvania [are] careful not to usurp the

task of running prisons").  However, consistent with BOP policy, this Court will direct the prison

to allow Plaintiff to send his personal property home.  See DC-ADM 804(VI)(C)(2)(f) (stating

that "the inmate will be provided with his/her options to retain, ship at his/her expense or have

the [personal property that is the subject of the grievance] destroyed"); see also Monroe v. Beard,

2007 U.S. Dist. LEXIS 60432, *43-50 (E.D. Pa. 2007) (ordering the defendants to allow the

plaintiffs to ship the seized material out of the prison).

**Conclusion**

    After de novo review, this Court will adopt the R&R.  First, Plaintiff's allegations

regarding the deprivation of his personal property are not actionable because an adequate post-

deprivation remedy is available.  Second, Defendant Luquis will be dismissed because the

sanctions he imposed at Plaintiff's misconduct hearing do not present an "atypical and significant

hardship", such that there was no violation of Plaintiff's due process rights.  Next, the

supervisory Defendants, Collins and Smeal, are not liable because Plaintiff failed to establish

their personal involvement.  Finally, all official capacity claims must be dismissed under the

Eleventh Amendment. Defendants' motion to dismiss (Doc. 17) will be granted but they will be directed to permit Plaintiff to send his revoked personal property home.

In dismissing the complaint, this Court recognizes that pro se pleadings are to be construed liberally and pro se litigants are to be freely granted leave to file an amended complaint unless an amendment would be inequitable or futile. Wilkerson v. Schafer, 2011 U.S. Dist. LEXIS 25916, *20 (M.D. Pa. 2011) (Jones, J.) (citing Haines, 404 U.S. at 520; Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). But, a "complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend." Id. (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)); see also Jordan v. Beard, 2012 U.S. Dist. LEXIS 32585, *25 (M.D. Pa. 2012) (Caldwell, J.) (denying leave to amend because the information attached to the complaint established that any amendment would be futile). Having determined that Plaintiff cannot show a constitutional violation, regardless of the personal involvement of Defendants, this Court concludes that an amendment would be futile. See Hakala v. Klem, 2009 U.S. Dist. LEXIS 107729, *15 (M.D. Pa. 2009) (Kosik, J.) (holding that an amendment would be futile).

A separate Order will be issued.


Date:  April 20, 2012                                    United States District Judge

18